IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DAVID J. HARRIS,** | ) | **CASE NO. 8:09CV423** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **UNITED STATES SOCIAL** | ) | |
| **SECURITY ADMINISTRATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the pro se motion for leave to proceed in forma pauperis and request to seal the Plaintiff's identity (Filing No. 2) filed by the Plaintiff, David J. Harris.

28 U.S.C. § 1915 governs the matter of in forma pauperis status. In forma pauperis status is a privilege rather than a right. *See, e.g. Williams v. McKenzie,* 834 F.2d 152, 154 (8th Cir. 1987) (discussing the right to proceed in forma pauperis in a nonprisoner case). The Court shall dismiss a case at any time if the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The Court must construe a pro se plaintiff's allegations liberally. *Marunda v. Commissioner of Social Sec.,* 2009 WL 1844483, at *1 (D. Neb. June 22, 2009). "'Nevertheless, if a pro se plaintiff does not set forth allegations sufficient to "nudge[ ][the] claims across the line from conceivable to plausible, [the] complaint must be dismissed' for failure to state a claim upon which relief may be granted." *Id.* at *2 (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

In this case the Complaint, which only names the "Social Security Administration" as a defendant, is filed as an emergency injunction. Harris asks that his identity be sealed. He does not allege any deficiencies made by an Administrative Law Judge in determining his case, and in fact states that his claims have not been presented administratively and therefore exhausted because the Social Security Administration has no forum within which his claims may be brought. (Filing No. 1, § VI.) Harris alleges that the amount he receives in social security benefits violates: (1) the Eighth Amendment to the United States Constitution because his allegedly meager benefits constitute cruel and unusual punishment; and (2) his civil rights. He alleges that his social security earnings are insufficient given his allegedly prestigious background of education, employment, and political activities.

Construing the Complaint liberally, the Court concludes that dismissal under 28 U.S.C. § 1915(e)(2) is warranted because the Complaint is "frivolous," "fails to state a claim on which relief may be granted," and "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The claims are not cognizable in this Court. Moreover, the proper Defendant has not been named. Therefore, it would be a waste of this Court's, the Marshal's, and the Social Security Administrations's time to consider the Complaint further and to effect service on an entity that is not a proper defendant. No reason has been provided to require that the Plaintiff's identity be sealed. For these reasons the motion for leave to proceed in forma pauperis and seal the Plaintiff's identity is denied.

IT IS ORDERED:

1. The pro se motion for leave to proceed in forma pauperis and request to seal the Plaintiff's identity (Filing No. 2) is denied;

2. The Complaint (Filing No. 1) is dismissed with prejudice;

3. A separate Judgment will be entered; and

4. The Clerk is directed to mail a copy of this memorandum and order to the Plaintiff at his last known address.

DATED this 3rd day of December, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge